■ BMW Financial Services NA, Inc., Respondent, v Three Brothers Computer & Video, Inc., et al., Defendants, and James F. Garson, Appellant. [757 NYS2d 892] —In an action to recover damages for breach of contract, the defendant James F. Garson appeals from an order of the Supreme Court, Queens County (Golia, J.), entered August 9, 2002, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff is the lessor's assignee of a lease under which a BMW automobile was leased to the defendant Three Brothers Computer & Video, Inc. (hereinafter Three Brothers). After Three Brothers defaulted on the lease payments, the plaintiff sued, among others, the appellant, alleging that he signed the lease on behalf of Three Brothers and personally guaranteed the lease payments. In his answer, the appellant asserted as his eighth affirmative defense that his signature on the lease was forged.

The appellant moved for summary judgment based on that affirmative defense. In support, he submitted, inter alia, his affidavit alleging that his signature on the lease was forged, as well as an affidavit from the defendant Ralph Anteby, in which Anteby admitted forging the plaintiff's name and signature on the lease. The Supreme Court denied the motion, finding that the jurat of Anteby's affidavit was incomplete and that the Anteby affidavit was suspect (*see* Executive Law § 137). As a result, it found the plaintiff's evidence of a factual question to be sufficient to deny the motion.

The proof submitted by the plaintiff in opposition to the appellant's establishment of a prima facie case for summary judgment was sufficient to raise the existence of a triable factual is-

sue as to whether the appellant's name was forged on the lease. Accordingly, the Supreme Court did not err in denying the motion (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Florio, J.P., H. Miller, Adams and Rivera, JJ., concur.